## CLINTON COUNTY.

JANUARY TERM, 1882, No. 361.    APRIL 24TH, 1882.

# Pepper's Appeal—Gamble's Appeal.

1. Notices under section 2 of the Wages Act, April 9th, 1872, P. L., 47, must indicate the kind of business of the employer, and the kind of labor or services rendered, so as to give information to the sheriff and the other creditors.

2. A notice to the sheriff, " that there is due me from the above named defendant, for labor and services rendered within six months last past, at and about the works, manufactories, mines, or business, and connected therewith, of the defendant, the sum of ninety-nine and ninety five one hundredths dollars; that I claim that the said sum is entitled to be preferred and first paid out of the proceeds of the sale of the property now advertised by you for sale on the above stated writ, which property was taken at or about the place of business of the said defendant, and used by him in carrying on the same," is not sufficient.

3. Allison v. Johnson, 11 Norris, 316, followed.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Appeals of James Pepper and John Gamble from the decree of the Court of Common Pleas of *Clinton County*, sustaining exceptions to the report of an auditor appointed to make distribution of the fund in court arising from the sheriff's sale of the personal property of James Colbert.

August 2d, 1880, Colbert entered into a contract with the firm of Pardee & Cook to go upon lands on which they owned the timber and cut down, peel, and cut into convenient

lengths the trees, and haul the logs to the river. Colbert employed fifty or sixty men, among whom were the appellants, to chop and saw wood and drive teams.

February 9th, 1881, Colbert gave to Pardee & Cook a judgment-note for $3000, upon which execution was issued by Ario Pardee, surviving partner, April 11th, 1881, and a levy was made on the personal property of the defendant.

Pepper and Gamble gave notice to the sheriff in the following form:

| | |
|---|---|
| ARIO PARDEE, surviving partner, etc.,<br>*v.*<br>JAMES COLBERT. | In the Court of Common Pleas<br>of Clinton County.<br>No. 111, May Term, 1881. |

To R. S. BARKER, Sheriff:

You are hereby notified that there is due me from the above named defendant, for labor and services rendered within six months last past, at and about the works, manufactories, mines, or business, and connected therewith, of the defendant, the sum of ninety-nine and ninety-five one hundredths dollars; that I claim that the said sum is entitled to be preferred and first paid out of the proceeds of the sale of the property now advertised by you for sale on the above stated writ, which property was taken at or about the place of business of the said defendant, and used by him in carrying on the same.

You are, therefore, hereby required to pay said sum to me out of the proceeds of said sale, agreeably to the Act of Assembly of April 9th, 1872.

JAMES PEPPER.

By his Attorney,

C. S. McCORMICK.

Of the fund realized from the sale, $1854.24 were paid into Court, and George A. Brown was appointed auditor to distribute. Objection was made before the auditor to these claims *inter alia,* on the ground of the insufficiency of the notices. The auditor allowed *inter alia* the claims. Pardee, the execution creditor, excepted to the report.

The Court below, MAYER, P. J., sustained the exceptions, and disallowed the claims, saying, *inter alia:*

"The Act of Assembly requires that the notices of the claims shall be in writing, and shall be given to the officer

executing the writ before the sale. The writing should contain every element which goes to make up a claim under the statute. Where there has been a substantial compliance with the requirements of the statute, Courts will not be hypercritical in scanning them; but, as was said by Justice Trunkey, in Allison *v.* Johnson, 11 Norris, 316, 'Notices should set forth such facts as make a case within the act, so that the officer and interested persons may know that the labor was done within the time limited, in a business defined in the act, the sum due, and that the property subject to the lien is embraced in the levy. It is immaterial in what form these things are set out, but it is essential that they appear.'

"In an opinion delivered by Judge Elwell, in the Common Pleas of Columbia County, 6th *Luz. Leg. Register*, page 102, he says: 'It (the notice) ought to state the business in which the employer was engaged, the kind of services rendered by the claimant, whether as a clerk, miner, mechanic, or laborer, the fact that a lien is claimed upon the property seized by the officer, and the particulars of the services as to days' work, or work by the month or other contracts, and the amount claimed.'

"We have examined all of the notices given to the sheriff and find but four of them sufficient under the act. . . . . . None of the other notices contain any indication of the business of Colbert or the kind of labor. They are defective in omitting these essentials under the act, and for this reason should not have been allowed by the auditor."

Pepper and Gamble then appealed, assigning as error *inter alia*, that the Court erred in not confirming the report of the auditor, and awarding to the appellants the several sums of money awarded them by him.


*C. S. McCormick*, for the appellant.

When we put together the statements in the notice that the claim is for labor and services rendered at and about the works, manufactories, or business, and connected therewith, of the defendant, to be paid out of the proceeds of the property now advertised for sale, which property was taken at or about the place of business of the defendant, and used by him in carrying on the same, the essentials sufficiently appear. The sheriff, or any person in interest, who desired information, could not possibly be deceived as to the business of Colbert, with the levy and the information contained in the notice before him. Every man is presumed to be in possession of and to use his senses. When he comes into

the presence of a sheriff's sale, where he has interests at stake, he must take in something of his surroundings, and, for the exercise of ordinary intelligence and ordinary prudence, the law must always hold him responsible: Seider's Appeal, 10 Wr., 61; Penna. and Del. R. R. Co. *v.* Luffer, 4 W. N. C., 77; Wentroth's Appeal, 1 Norris, 471; Taylor *v.* Rowley, 2 W. N. C., 140.

*T. C. Hipple,* for the appellee.

None of the authorities cited by the appellants sustain the claim that the Act of April 9th, 1872, is entitled to liberal construction. On the contrary, precedents favor a strict and close construction of the act. He who would claim extra and unusual privileges must not be supine or careless, especially when such extra right is adverse to and in derogation of the rights of many other persons.

Appellants' theory would give to the act a scope and force surely never contemplated by the legislature, and such as has not been sanctioned by the Supreme Court: Allison *v.* Johnson, 11 Norris, 314.

The notices should themselves plainly set forth the facts. No information gained by the sheriff in the discharge of his duty, or by interested parties attending the sale, or gained independent of the notices, can cure any defect therein, or bind any one.

Upon their notices labor claimants must stand or fall.

If it is required to set forth in the notice "a business defined in the act," and if more than one business is contemplated by the act, then it is clear the notice should state what particular business it is, where carried on, how located, etc. So with the other particulars of the act. The notices were all alike, in printed form, and merely followed the general words of the act. No attempt was made to particularize even the business carried on by Colbert, or the place where carried on.

MAY 18TH, 1882.—PER CURIAM: The notices in these cases were clearly insufficient within the Act of April 9th, 1872: Pamph. L., 47; Allison *v.* Johnson, 11 Norris, 316. They contain no indication of the kind of business of Colbert, nor the kind of labor or services rendered, so as to give information to the sheriff, nor to other creditors, as the act evidently intended.

Decree affirmed and appeal dismissed at the costs of the appellants.